UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES, Jr., CDCR No. P-69574,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>DOCTORS, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:21-cv-00531-DMS-MSB<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE;**<br><br>**2) DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER [ECF No. 22]** |

**I. Introduction**

On March 25, 2021, Plaintiff Henry A. Jones, Jr., currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. On March 29, 2021, he filed an inmate trust account statement. ECF No. 3.

On May 6, 2021, the Court dismissed this case for failing to pay the $402 civil filing fee or file a Motion to Proceed in Forma Pauperis ("IFP"). ECF No. 6. He subsequently filed several motions and appealed the Court's dismissal Order to the Ninth Circuit Court

of Appeals. ECF Nos. 7–13. On August 4, 2021, the Ninth Circuit dismissed Plaintiff's appeal for failure to prosecute. ECF No. 17. This Court then granted Plaintiff an extension of time within which to either pay the $402 civil filing fee or file a properly supported IFP motion, and denied Plaintiff's motions as premature. ECF No. 18. On August 23, 2021, Plaintiff filed an IFP motion, and on August 25, 2021, he filed an inmate trust account statement. ECF Nos. 19–20. Then, on September 13, 2021, he filed a Motion for a Temporary Restraining Order ("TRO"). ECF No. 22.

## II.     Motion to Proceed IFP

### A.     Standard of Review

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

/ / /

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52, which does not apply to persons granted leave to proceed IFP.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

"[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations and brackets omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). To constitute a strike, a dismissal must be based on one of the enumerated grounds contained in 28 U.S.C. § 1915(g). *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016), citing 28 U.S.C. § 1915(g) (enumerating grounds as "dismissed on the grounds it is frivolous, malicious, or fails to state a claim upon which relief may be granted.") "In other words, '(w)hen we are presented with multiple claims within a single action, we assess a PRLA strike only when the "case as a whole" is dismissed for a qualifying reason.'" *Harris v. Harris*, 935 F.3d 670, 674 (9th Cir. 2019), quoting *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016), quoting *Cervantes*, 493 F.3d at 1054. A prisoner who has accumulated three strikes is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52.

**B.  Discussion**

**1. Prior strikes**

Based on the dockets of court proceedings available on PACER,[2] the Court finds that Plaintiff Henry A. Jones, Jr., identified as CDCR Inmate #P-69574, has had at least

---

[2] A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007), quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002).

five prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

(1) *Jones v. Pregerson, et al.*, No. 2:15-cv-6797-MWF-PLA (C.D. Cal. Dec. 4, 2015) (Order denying motion to proceed IFP and dismissing complaint on the grounds it is "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted.") [ECF No. 10] (strike one);

(2) *Jones v. Pregerson, et al.*, No. 2:16-cv-0409-TJH-MRW (C.D. Cal. Jan. 27, 2016) (Order denying motion to proceed IFP and dismissing complaint on the grounds it is "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted [and] [s]eeks monetary relief from a defendant immune from such relief.") [ECF No. 12] (strike two);

(3) *Jones v. Wu*, No. 2:16-cv-2698-DDP-SS (C.D. Cal. Oct. 4, 2016) (Order denying motion to proceed IFP and dismissing complaint on the grounds it is "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted," and finding Plaintiff had three or more prior strikes within the meaning of 28 U.S.C. § 1915(g)) [ECF No. 5] (strike three);

(4) *Jones v. Pregerson, et al.*, No. 2:16-cv-7978-PA-JEM (C.D. Cal. Nov. 8, 2016) (Order denying motion to proceed IFP and dismissing complaint on the grounds it is "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted" and noting Plaintiff had three or more prior strikes within the meaning of 28 U.S.C. § 1915(g)) [ECF No. 16], *appeal dismissed as frivolous*, *Jones v. Pregerson*, *et al.*, No. 16-56839 (9th Cir. Jun. 13, 2017) [strike four]; and

(5) *Jones v. Pregerson, et al.*, No. 2:19-cv-7875-GW-JEM (C.D. Cal. Nov. 4, 2019) (Order denying motion to proceed IFP and dismissing case on the grounds it is "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted," is barred by the three strikes provision of 28 U.S.C. § 1915(g), and seeks monetary damages from a defendant immune from such relief) [ECF No. 11] (strike five).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes" as defined by Section 1915(g), in order to be entitled to proceed IFP in this action he must make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint. *See Cervantes*, 493 F.3d at 1055.

### 2. Imminent Danger Exception

Plaintiff alleges in his Complaint that on March 16, 2021, he refused to accept a cell mate because of the risk of Covid-19 and was sent to Administrative Segregation ("Ad-Seg") as a result. Compl, ECF No. 1 at 1. He also claims that on March 18, 2021, he "felt something in my chest like my lung's left side inflating" and when he went to lay down he "felt like something was jabbing in that left side lung." *Id.* After asking for medical attention, he was told a doctor had ordered him to see physical therapy, which he refused. *Id.* at 1-2. On March 21, 2021, he filled out a 7362 medical form in which he stated he thought the sharp stabbing pain he felt in his heart was a disconnected lead from his pacemaker. *Id.* at 2. A doctor ordered x-rays and confirmed Plaintiff's suspicion. *Id.* He went back to his cell, was given Tylenol and told he would be seen by medical staff the following week. *Id.*

To qualify for Section 1915(g)'s imminent danger exception, the danger Plaintiff alleges he faces must be real, proximate, and/or ongoing at the time he filed his Complaint. *Cervantes*, 493 F.3d at 1056. Plaintiff's allegations show that following his complaint of pain he was treated by medical staff. Compl., ECF No. 1 at 1–5. As such, his Complaint does not contain a "plausible allegation" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055, quoting 28 U.S.C. § 1915(g); *see also Balzarini v. Lewis*, No:13cv820-LJO-BAM(PC), 2015 WL 2345464, at *8 (E.D. Cal. May 14, 2015) (finding plaintiff's disagreement with prison medical personnel about the course or adequacy of treatment he was receiving did not establish imminent danger); *Thomas v. Ellis*, Case No. 12cv5563-W(PR), 2015 WL 859071, at *3 (N.D. Cal. Feb. 26, 2015) (finding imminent danger exception does not apply where the prisoner is receiving medical treatment but disputes the quality of the treatment he is receiving); *Stephens v. Castro*, No. 04cv6717 AWISMSP, 2006 WL 1530265, at *1 (E.D. Cal. May 31, 2006) (disagreement with prison personnel about course of treatment does not establish an imminent danger of serious physical injury under Section 1915(g).)

///

1   Accordingly, the Court **DENIES** Plaintiff's Motion to proceed IFP.  He may proceed
2   with this action after paying the filing fee.  *See Rodriguez*, 169 F.3d at 1180 (finding that
3   28 U.S.C. Section 1915(g) "does not prevent all prisoners from accessing the courts; it only
4   precludes prisoners with a history of abusing the legal system from continuing to abuse it
5   while enjoying IFP status"); *see also Weller v. Dixon*, 314 F.2d 598, 600 (9th Cir. 1963)
6   (holding that permission to proceed IFP is a privilege within the discretion of the court).

### 3. Motion for a Temporary Restraining Order [ECF No. 22]

Jones has also filed a document entitled "Motion: Requesting a TRO Pursuant to 28 U.S.C. § 1915(g) Imminent Danger." ECF No. 22. In this motion, Jones alleges Defendants are "acting in concert & a conspiracy, to commit murder, by denying Plaintiff a life threatening surgery, or and interfering with Patient's treatment." ECF No. 22 at 1. As in his Complaint, he alleges that a broken and disconnected lead in his pacemaker is poking into his heart, creating pain and that Defendants are not providing proper medical care. *Id.* at 16–17.

First, to the extent Jones seeks a TRO without notice upon an adverse party, he cannot prevail because his submission fails to set out "specific facts in an affidavit or a verified complaint . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) (stating that "injunctive relief is 'to be used sparingly, and only in a clear and plain case,'" especially when the court is asked to enjoin the conduct of a state agency) (quoting *Rizzo v. Goode*, 423 U.S. 362, 378 (1976)).

Second, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights

of persons not before it. *See*, *e.g.*, *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Because Plaintiff is not entitled to proceed IFP, he is not entitled to U.S. Marshal service pursuant to 28 U.S.C. § 1915(d), and he has not filed proof of service on his own. *See* Fed. R. Civ. P. 5(d)(1)(B)(i); S.D. Cal. CivLR 5.2. No RJD official named in his Complaint or his Motion has been provided actual notice of either the Complaint or his Motion for TRO. Thus, regardless of merit, the Court cannot grant Plaintiff injunctive relief because it has no personal jurisdiction over any of the persons he seeks to enjoin. *See* Fed. R. Civ. P. 65(a)(1), (d)(2); *Murphy Bros., Inc.*, 526 U.S. at 350; *Zepeda*, 753 F.2d at 727-28. A district court has no authority to grant relief in the form of a temporary restraining order or permanent injunction where it has no jurisdiction over the parties. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district ... court, without which the court is powerless to proceed to an adjudication.") (citation and internal quotation omitted).

Finally, "'[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). "The first factor under *Winter* is the most important—likely success on the merits." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). In addition, "[u]nder *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320,

1323 (N.D. Cal. 1995); *see also Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (standards for issuing a TRO are "substantially identical" to those for issuing a preliminary injunction).

Jones has failed to establish that he will "suffer irreparable harm in the absence of preliminary relief," nor has he "demonstrated immediate threatened injury." *Winter*, 555 U.S. at 20. The documents Jones has attached to his Motion for TRO show he is currently enrolled in the Chronic Care Program at RJD and his medical condition is being "closely monitored" and "there is a plan of care in place." ECF No. 22 at 39-41. In addition, Jones had a cardiology consultation on July 19, 2021. *Id.* at 40. For these reasons, Jones's Motion for TRO (ECF No. 22) is **DENIED**.

### III. Conclusion and Orders

For the reasons set forth above, the Court:

(1)     **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 19) as barred by 28 U.S.C. Section 1915(g);

(2)     **DENIES** Plaintiff's Motion for a TRO (ECF No. 22)

(3)     **DISMISSES** Plaintiff's Complaint for failure to satisfy the filing fee requirement. Unless Plaintiff pays the $402 civil filing fee within forty-five (45) days of the date this Order is filed, the Court will enter a final judgment of dismissal.

**IT IS SO ORDERED**.

Dated: September 22, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court